Chancery—sale of decedent's real estate should be in a court of probate, unless there is good cause for coming into chancery.

Chancery will not hold jurisdiction of a bill by an executor to sell real estate, to pay the debts of the deceased, unless sufficient reason is disclosed why the application is not made to the probate court for leave to sell the land under the statute, which is a more summary and convenient proceeding.

In Chancery. This case is between the same parties as the last. The bill sets up the same material facts as the last, and in addition, describes certain real estate, of which the testator died seized, and prays for an order to sell it. To this bill, there is a demurrer.

*Stillwell,* for the defendant, made. this point: Can an executor apply in chancery for an order to sell the real estate of his testator, to pay debts, without showing special circumstances?

*James,* contra.

By THE COURT. The statute law authorizing the sale of the real estate of decedents to pay their debts, prescribes the mode of proceeding for such purpose. The proceedings are had in the common pleas *as a probate court.* They are more summary and convenient than the proceedings in chancery, and so far as we can see, are adequate to effect the end. If found otherwise, and the ground of inadequacy is shown and relied upon, as a reason for coming into chancery, it is probable this Court would ·take cognizance of the case; but without such disclosure, there is no occasion for coming into chancery.

The bill is dismissed, with costs.

---

### HANNAH COSSAN v. WILLIAM COSSAN.

A divorce will be granted where the husband sends his wife to see her brother, under the false pretence that he is unwell, and availing himself of her absence, leaves the country, and continues absent for three years.

DIVORCE. Wilful absence three years.

In this case it appeared that the parties had some slight misunderstanding, and the husband having been absent from home a day or two, returned, and told his wife to go and see her brother, who was sick, and who lived a few miles distant. She went to her

[Sarah Langstaff *v.* John Langstaff.]

brother's, found him well, and was informed that he had not been sick. She returned home, but her husband was gone, and has not since been heard of. This was more than three years ago.

Divorce decreed, with costs.